# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE CONNOR-STOKES, <br><br> Plaintiff, <br><br> v. <br><br> STUART ISHIMARU in his official capacity as Acting Chair of the United States Equal Employment Opportunity Commission, et al., <br><br> Defendants. | Civil Action No. 09-0786 (JDB) |

## ORDER

Before the Court is [8] defendants' motion to dismiss Catherine Connor-Stokes's complaint. This action arises out of an Equal Employment Opportunity Commission ("EEOC") proceeding Connor-Stokes initiated against her employer, the Department of Interior. In that proceeding, she alleged that the Department, inter alia, discriminated against her based on her medical condition. Compl. ¶¶ 13, 14; see also Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") [Docket Entry 8], at 3-4. Because Connor-Stokes's medical condition was at issue in the proceeding, the presiding administrative law judge, Richard Furcolo, ordered her to undergo an independent medical examination. Compl. ¶ 17.

Before the examination occurred, Connor-Stokes filed a complaint in this Court, alleging that Judge Furcolo violated the Administrative Procedure Act, 5 U.S.C. § 551 et seq., in ordering the examination. Compl. ¶ 1. She also sought a temporary restraining order "to avoid irreparable harm from an unjustified and invasive medical examination." Pl.'s Mem. in Supp. of TRO [Docket Entry 2], at 1. In denying her motion for a temporary restraining order, the Court

observed that "her administrative case before the EEOC is ongoing and that [her] action (effectively an appeal) is 'interlocutory' in nature." Id. at 1. It therefore questioned whether it had jurisdiction to "entertain an interlocutory challenge to an interim order issued by an administrative judge in an ongoing agency proceeding." Id. The Court also concluded that Connor-Stokes had failed to make "a persuasive showing as to irreparable harm." Id. at 2. Defendants now move to dismiss this action in its entirety. Connor-Stokes's EEOC proceeding remains ongoing, although it has been stayed indefinitely. See Defs.' Mem. at 3-4.

The Court may only review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. In her complaint, Connor-Stokes asserts that Administrative Judge Furcolo violated the Administrative Procedure Act by failing "to comply with [EEOC] regulations, policies, and procedures regarding the ordering of Plaintiff to submit to a medical exam conducted by the Department of the Interior." Compl. ¶ 18. There is no statutory basis for this Court to review Judge Furcolo's order. Therefore, the Court must determine whether Judge Furcolo's order is a final agency action. See id. ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.").

The Supreme Court has established a two-part test to determine if an agency's action is final. First, the action "must mark the 'consummation' of the agency's decisionmaking process -- it must not be of a merely tentative or interlocutory nature." Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (internal citation omitted). Second, it "must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" Id. at 178 (quoting Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71 (1970)).

Here, Judge Furcolo's order requiring Connor-Stokes to submit to an independent medical examination is "an interim order issued by an administrative judge in an ongoing agency proceeding." Apr. 30, 2009 Order at 1. It does not conclusively resolve the legal claims that animate Connor-Stokes's EEOC proceeding. Under Bennett's first prong, then, the order is not a consummation of agency decisionmaking. See Thermal Ecology Must Be Preserved v. Atomic Energy Comm'n, 433 F.2d 524, 526 (D.C. Cir. 1970) (per curiam) ("[P]rocedural or evidentiary rulings in the course of a proceeding do not constitute a final order justifying judicial review except in extreme circumstances where the action is held to constitute an effective deprivation of appellant's rights.");[1] accord Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 616 F.2d 1363, 1368 (5th Cir. 1980); Allan v. Sec. & Exchange Comm'n, 577 F.2d 388, 393 (7th Cir. 1978). Hence, Judge Furcolo's order is not reviewable by the Court at this time.[2]

Taking another tack, Connor-Stokes contends in her opposition that the regulations under which Judge Furcolo ordered the independent medical examination are unlawful. See Pl.'s Opp'n to Defs.' Mot. to Dismiss [Docket Entry 10], at 7. Therefore, in her view, it is "[t]he Agency's

---

[1] Connor-Stokes does not allege that Judge Furcolo's order presents an "extreme circumstance" that deprives her of her rights.

[2] Because the Court concludes that Judge Furcolo's order does not mark the consummation of the agency's decisionmaking, it need not consider Bennett's second prong. In any event, even were Judge Furcolo's order reviewable, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." Smith v. Casellas, 199 F.3d 33, 34 (D.C. Cir. 1997). Rather, Title VII provides the exclusive remedy for "any improper handling of a discrimination charge by the EEOC." Id. Therefore, if a federal employee believes that the EEOC improperly handled a discrimination claim, the employee may obtain de novo review of the EEOC's final determination of that claim under Title VII in federal court. See Adams v. Equal Employment Opportunity Comm'n, 932 F. Supp. 660, 663-64 (D.D.C. 1996).

regulations . . . [that] constitute final agency action because it is the consummation of an administrative rulemaking." Id. But her complaint does not challenge the legality of these regulations. In fact, her complaint assumes the validity of the regulations, as her challenge is predicated on the assertion that Judge Furcolo "failed to comply with Commission regulations, policies, and procedures." Compl. ¶ 18 (emphasis added). The Court will not consider a claim raised for the first time in Connor-Stokes's opposition. See Muhammad v. Customs & Border Prot., 559 F. Supp. 2d 5, 9 n.7 (D.D.C. 2008) ("Thus, plaintiff's [Administrative Procedure Act] claim, having been raised for the first time in his opposition, is not properly before the Court.").

Therefore, upon consideration of defendants' motion to dismiss, the parties' several memoranda, the applicable law, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED** and the case is **DISMISSED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 27, 2010